UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HFOTCO LLC D/B/A HOUSTON FUEL OIL TERMINAL CO., | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-19-3595 |
| ZENIA SPECIAL MARITIME ENTERPRISE AND MINERVA MARINE, INC., *IN PERSONAM*, AND THE M/T MINERVA ZENIA, HER ENGINES, TACKLE, GEAR, APPURTENANCES, ETC., *IN REM*, | § § § § § § § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are defendant MS "Constantin S" H + H Schepers Reederei GmbH & Co. KG's ("MS Constantin S") motion for summary judgment (Dkt. 48), third-party defendant Veit Schwierholz's motion to dismiss or, alternatively, quash service of process (Dkt. 49), third-party defendant H. Schepers Breederung's ("H. Schepers") motion to dismiss or, alternatively, quash service of process (Dkt. 50), and plaintiff HFOTCO LLC d/b/a Houston Fuel Oil Terminal Co.'s ("HFOTCO") motion to strike (Dkt. 56).

HFOTCO responded (Dkt. 55) to the motion for summary judgment, and so did defendants Zenia Special Maritime Enterprise and Minerva Marine, Inc. (collectively, the "Minerva Zenia Interests") (Dkt. 57). MS Constantin S replied to these responses. Dkt. 60.

The Minerva Zenia Interests responded to both motions to dismiss in the same document. Dkt. 58. Schwierholz and H. Schepers likewise replied jointly (Dkt. 62).

MS Constantin S responded (Dkt. 61) to the motion to strike and moved for leave of court to substitute its exhibit (Dkt. 59).

After reviewing the motions, relevant briefing, and applicable law, the court is of the opinion that MS Constantin S's motion for summary judgment should be DENIED, Schwierholz's and H. Schepers's motions to dismiss should be GRANTED IN PART and DENIED IN PART, HFOTCO's motion to strike should be DENIED, and MS Constantin S's motion for leave of court should be GRANTED.

## I. BACKGROUND

*A. Brief Summary of Action*

This admiralty case concerns an incident that occurred at a terminal owned by HFOTCO and located in the Houston Ship Channel. Dkt. 12 at 4. The MINERVA ZENIA was moored at a ship dock at the terminal when the X-PRESS MACHU PICCHU (formerly, the M/V CONSTANTIN S) passed alongside it. *Id.* at 5; Dkt. 30 at 5. HFOTCO alleges that the X-PRESS MACHU PICCHU was moving at an unsafe speed, causing it to interfere with the mooring of the MINERVA ZENIA. Dkt. 12 at 5; Dkt. 30 at 5. Consequently, the MINERVA ZENIA "failed to remain securely alongside its berth, causing significant damage to HFOTCO's dock and its marine loading arms." Dkt. 12 at 5; Dkt. 30 at 5.

HFOTCO sued the Minerva Zenia Interests for negligence. Dkt. 12 at 5–6. In turn, the Minerva Zenia Interests filed a third-party complaint against those it considers truly responsible for what occurred that day: MS Constantin S, Schwierholz, H. Schepers, and the X-PRESS MACHU PICCHU. Dkt. 30.

*B. Service of Foreign Defendants*

Two third-party defendants, Schwierholz and H. Schepers, are from Germany. Schwierholz is a German citizen, and H. Schepers is a German corporation. Dkt. 49 at 2; Dkt. 50 at 2. The Minerva Zenia Interests attempted to serve Schwierholz and H. Schepers through the

Texas Secretary of State in accordance with section 17.044 of the Texas Civil Practice and Remedies Code. Dkt. 49 at 2; Dkt. 50 at 2; Dkt. 58 at 3. Schwierholz and H. Schepers argue that service was improper because it did not comply with the Hague Convention.

*C. German Insolvency Proceedings*

MS Constantin S was the owner of the M/V CONSTANTIN S (now, the X-PRESS MACHU PICCHU) until the vessel was sold in January of 2018. *See* Dkt. 57 at 4–5. Long before the incident that forms the basis of this suit, MS Constantin S entered insolvency proceedings in Germany on May 8, 2014. Dkt. 48 at 3. Schwierholz was appointed by the German court as insolvency administrator for the assets of MS Constantin S, including the M/V CONSTANTIN S. *Id.* Despite being engaged in insolvency proceedings, Schwierholz is alleged to have kept the M/V CONSTANTIN S in operation until it was sold just two months before the incident at HFOTCO's terminal. Dkt. 57 at 5. The vessel was delivered to its new owners in June of 2018. *Id.*

## II. LEGAL STANDARD

*A. Motion for Summary Judgment*

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most

favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

    *B. Motion to Dismiss (12(b)(5))*

Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss an action for insufficient service of process before it files a responsive pleading. Fed. R. Civ. P. 12(b)(5). The serving party then has the burden of demonstrating the validity of service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992) (citation omitted).

### III. ANALYSIS

    *A. Motion to Strike & Motion for Leave of Court to Substitute Exhibit*

Attached to MS Constantin S's motion for summary judgment is a declaration by Christian Reinert, a "qualified attorney admitted to practice law in the Federal Republic of Germany" and an expert in German law. Dkt. 48-1. MS Constantin S refers to Reinert's declaration for assertions about the nature of German insolvency proceedings and their similarity to U.S. bankruptcy proceedings. Dkt. 48 at 5–11. HFOTCO asks the court to strike Reinert's declaration because it "references external documents that are not included with his Declaration or with the moving papers." Dkt. 56 at 1. MS Constantin S claims that the supporting documents referenced in the declaration were "inadvertently not submitted" with the motion for summary judgment. Dkt. 61 at 1. Moreover, MS Constantin S asserts that its motion for summary judgment relied on and cited only the declaration and not the supporting documents Reinert reviewed in making his declaration. *Id.* at 2. Nonetheless, MS Constantin S now moves the court for leave to substitute the declaration initially provided with a new declaration that includes as an exhibit all of the documents referred to therein. Dkts. 59, 59-2 (exhibit). The court grants MS Constantin S leave to substitute the declaration and therefore denies as moot HFOTCO's motion to strike.

*B. Motion for Summary Judgment*

MS Constantin S argues that all claims asserted against it should be dismissed because it has commenced insolvency proceedings in Germany, and under German law, "any court action initiated after the commencement of insolvency proceedings must be directed against the insolvency administrator personally in his/her capacity as insolvency administrator." Dkt. 48 at 5–6. An insolvency administrator has powers and responsibilities similar to those of a trustee in American bankruptcy proceedings. *Id.* at 8–9. Schwierholz is MS Constantin S's insolvency administrator in the German proceedings. *Id.* at 3. MS Constantin S argues that, based on principles of international comity, the court should respect the German insolvency proceedings by dismissing all claims against MS Constantin S because it is not a proper defendant under German law.

HFOTCO and the Minerva Zenia Interests argue that while comity may indeed be appropriate, "MS Constantin S and/or its German insolvency administrator, Veit Schwierholz, must first petition a United States bankruptcy court for recognition of the German insolvency proceedings." Dkt. 55 at 2. They are correct.

*1. Comity*

"Comity is the 'recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protections of its laws.'" *In re Vitro S.A.B. de C.V.*, 701 F.3d 1031, 1043–44 (5th Cir. 2012) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164, 16 S. Ct. 139 (1895)). "It is not a rule of law, but one of practice, convenience, and expediency." *Id.* at 1044 (quoting *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1148 (5th Cir. 1990)).

## 2. Chapter 15 of the Bankruptcy Code

"The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 . . . enacted Chapter 15 of the Bankruptcy Code, 'so as to provide effective mechanisms for dealing with cases of cross-border insolvency.'" *In re Ran*, 607 F.3d 1017, 1020 (5th Cir. 2010) (citing 11 U.S.C. § 1501(a)). "'Central to Chapter 15 is comity' and the facilitation of cooperation between multiple nations. To effect these goals, the statutory provisions 'concentrat[e] control of these questions in one court.'" *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 525 (5th Cir. 2015) (alteration in original) (quoting *In re Vitro S.A.B. de C.V.*, 701 F.3d at 1043). Moreover, Chapter 15 was intended to be "the exclusive door to ancillary assistance to foreign proceedings." *In re Loy*, 380 B.R. 154, 165 (Bankr. E.D. Va. 2007) (citation omitted).

The primary aims of the chapter are to "increase legal certainty, promote fairness and efficiency, protect and maximize value, and facilitate the rescue of financially troubled businesses." *In re Vitro S.A.B. de C.V.*, 701 F.3d at 1043.

So how does it work? First, a foreign representative[1] must file a petition for recognition of a foreign proceeding in the bankruptcy court. 11 U.S.C. § 1509(a). The petition must be accompanied by some evidence of the existence of the foreign proceeding and "a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." § 1515(b)–(c). "[A]fter notice and a hearing, an order recognizing [the] foreign proceeding shall be entered if" the proceeding qualifies as a foreign main or nonmain proceeding, the foreign representative is "a person or body," and the petition satisfies the requirements of § 1515. § 1517.

---

[1] A foreign representative is a "person or body" appointed by the foreign court in the foreign proceeding. *See* 11 U.S.C. § 1517(2).

6

If the court grants recognition to the foreign proceeding, certain portions of the Bankruptcy Code become automatically applicable (e.g., the automatic stay provision in section 362(a)), and "the court may, at the request of the foreign representative, grant any appropriate relief." *See* §§ 1520, 1521(a) (nonexhaustive list of possible relief). Importantly, "[i]f the court grants recognition . . . a court in the United States shall grant comity or cooperation to the foreign representative." § 1509(b)(3). In the event the foreign representative seeks comity or cooperation from a different court than the one that grants recognition, Chapter 15 provides that the request must be "accompanied by a certified copy of an order granting recognition." § 1509(c). Finally, if the court denies recognition to the foreign proceeding, Chapter 15 empowers it to "issue any appropriate order necessary to prevent the foreign representative from obtaining comity or cooperation from courts in the United States." § 1509(d).

It is clear from the structure of Chapter 15 that recognition is a prerequisite to obtaining comity from any U.S. court with respect to foreign insolvency proceedings. Under the statute, the bankruptcy court must engage in a "factual determination with respect to recognition before principles of comity come into play." *In re Bear Sterns*, 389 B.R. 325, 334 (Bankr. S.D.N.Y. 2008). If recognition is granted, U.S. courts must grant comity with respect to the foreign proceeding. If not, the bankruptcy court can restrain them from doing so. This conclusion is also supported by ample caselaw. *In re Ran*, 607 F.3d at 1026 ("The plain language of Chapter 15 requires a factual determination with respect to recognition before principles of comity come into play. By arguing comity without first satisfying the conditions for recognition, Lavie urges this court to ignore the statutory requirements of Chapter 15." (citation omitted)); *In re Loy*, 380 B.R. at 165 ("Chapter 15 recognition is required before a foreign representative seeks to enlist the comity or cooperation of a court in the United States."); *In re Bear Sterns*, 389 B.R. at 333

("Requiring recognition as a condition to nearly all court access and consequently as a condition to granting comity distinguishes Chapter 15 from its predecessor section 304."); *Fed. Trade Comm'n v. Educare Ctr. Servs., Inc.*, 611 B.R. 556, 562 (Bankr. W.D. Tex. 2019) ("Thus, the bankruptcy court proceeding, initiated when Defendant's foreign representative filed a Chapter 15 Petition for Recognition, was a prerequisite to Defendant's raising a stay of proceedings argument in this Court."); *see also In re Vitro S.A.B. de C.V.*, 701 F.3d at 1042 ("Because recognition of a proceeding under Chapter 15 is a precondition for the more substantive relief Vitro seeks in the Enforcement Motion, we will resolve the recognition issue first.").

MS Constantin S asks the court to accord it the same right not to be sued accorded it under German law in Germany. It does not cite any authority indicating that the court has the power to do this beyond granting comity to the foreign proceeding. And here, the court cannot grant comity to the foreign proceeding unless the proceeding has been formally recognized in the bankruptcy court. Therefore, the court is powerless to grant MS Constantin S the relief it seeks.

MS Constantin S argues that Chapter 15 is inapplicable because its situation is not accounted for in any of the categories in § 1501(b) outlining when Chapter 15 applies. Dkt. 60 at 1–4. Section 1501(b) reads:

> (b) This chapter applies where—
>
> > (1) assistance is sought in the United States by a foreign court or a foreign representative in connection with a foreign proceeding;
> >
> > (2) assistance is sought in a foreign country in connection with a case under this title;
> >
> > (3) a foreign proceeding and a case under this title with respect to the same debtor are pending concurrently; or
> >
> > (4) creditors or other interested persons in a foreign country have an interest in requesting the commencement of, or participating in, a case or proceeding under this title.

MS Constantin S claims that because it is not a foreign representative, the situation described in § 1501(b)(1) is inapplicable. First, the court agrees that § 1501(b)(1) is the only possibility that makes sense. Second, there is no other mechanism that the court is aware of for MS Constantin S to seek the relief it desires outside of Chapter 15. The sensible solution, then, would be for MS Constantin S to ensure that the appointed foreign representative of its foreign insolvency proceeding—by all accounts, Schwierholz—apply for recognition in the bankruptcy court immediately. It would certainly seem to be in Schwierholz's best interest as well. And while the petition for recognition is pending, robust provisional relief modeled after injunctive relief is available. *See* § 1519. Once granted recognition, then Schwierholz would need to bring a certified copy of the order granting recognition back to this court and request that this court grant comity to the German insolvency proceeding. This is the only mechanism by which MS Constantin S can obtain the relief it seeks.

For the foregoing reasons, the court is of the opinion that MS Constantin S's motion for summary judgment should be denied.

Next, the court is also unable to grant HFOTCO and the Minerva Zenia Interests the provisional relief they seek under § 1519 and § 1522(a). Dkt. 55 at 6; Dkt. 57 at 11. Section 1522(a) requires courts to ensure that "the interests of creditors and other interested entities . . . are sufficiently protected" when it grants relief under § 1519 or § 1521. *See* § 1522(a). HFOTCO and the Minerva Zenia Interests claim that this language entitles them to provisional relief consisting of an order mandating that MS Constantin S post security. Dkt. 55 at 6; Dkt. 57 at 11. Because filing a petition for recognition is a precondition for provisional relief under § 1519, and because provisional relief can only be granted "at the request of the foreign representative," the court denies this request.

*C. Motions to Dismiss (12(b)(5))*

*1. Propriety of Service*

Federal Rule of Civil Procedure 4(f) governs the service of individual defendants who live in foreign countries. Fed. R. Civ. P. 4(f). Rule 4(h)(2) also requires plaintiffs to comply with Rule 4(f) when serving process on foreign corporations outside the United States. Fed. R. Civ. P. 4(h)(2). Because the analysis is the same for Schwierholz, an individual, and H. Schepers, a foreign corporation, the court will analyze both motions to dismiss together.

Rule 4(f) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [("Hague Convention")] . . . ." Fed. R. Civ. P. 4(f)(1). Both the United States and Germany, where Schwierholz and H. Schepers are located, are signatories to the Hague Convention. *Status Table*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/print/?cid=17 (last updated Mar. 3, 2021). Schwierholz and H. Schepers argue that the service effected on them by the Minerva Zenia Interests was defective for each of the following three reasons:

- Service by mail is not permitted because Germany has specifically rejected that provision of the Hague Convention

- Service should have been forwarded to the Central Authority of Germany but was not

- Service did not include a German translation of the documents to be served

Dkt. 49 at 6–7; Dkt. 50 at 6–7.

The Minerva Zenia Interests briefly, in a footnote, attempt to defend their service through the Texas Secretary of State, but fill most of their response with arguments that good cause exists for their failure to serve properly. Dkt. 58 at 5 & n.4. Because good cause exists, they assert, the

court should simply grant them sufficient time to perfect service in compliance with the Hague Convention. *Id.* at 6. Indeed, they have already filed a certificate of service indicating that Schwierholz has been properly served in accordance with the Hague Convention. *See* Dkts. 69, 69-1. They also assert that, "[o]n a parallel path, the documents for H. Schepers are currently abroad and the Minerva Zenia Interests are waiting on confirmation of service." Dkt. 69 at 2. The court infers that service in compliance with the Hague Convention's procedures will be perfected soon.

To begin, service on the Texas Secretary of State in compliance with section 17.044 of the Texas Civil Practice and Remedies Code was not proper. Service in accordance with state law is a feature of Rule 4(e), a rule that governs the service of defendants within the United States. Fed. R. Civ. P. 4(e). It is not a feature of Rule 4(f). Rule 4(f) gives a serving party three options: (1) service by internationally agreed means (like the Hague Convention); (2) service by other means *if there is no internationally agreed means*; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Therefore, because an internationally agreed means exists and because the court has not ordered service by any other means, the only option for the Minerva Zenia Interests was to serve according to the rules of the Hague Convention (or some other internationally agreed means[2]). Consequently, service through the Texas Secretary of State cannot be justified by recourse to the Texas Civil Practice and Remedies Code's service procedures. Because it did not comply with the requirements of the Hague Convention, service was improper.

---

[2] The Minerva Zenia Interests do not argue that they served Schwierholz and H. Schepers using some other internationally agreed means.

11

*2. Dismiss or Quash*

Next, the court must decide whether to dismiss all claims against Schwierholz and H. Schepers or to quash the defective service. "Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (citing *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). "Though we do not insist that foreign service always be the first step, or that it be attempted within the first 120 days, in some cases that will be the only reasonable course. Good faith and reasonable dispatch are the proper yardsticks." *Id.* Instead of dismissal, "a district court has discretion to quash the defective service of process and provide a plaintiff another opportunity to effect proper service of process." *Cockerham v. Rose*, No. 3:11-CV-277-B, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011); *see also* 5B Arthur R. Miller et al., *Federal Practice and Procedure* § 1354, Westlaw (database updated Apr. 2021) ("[S]ervice generally will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.").

The court finds that the Minerva Zenia Interests acted in good faith and with reasonable dispatch when they attempted to serve Schwierholz and H. Schepers. Therefore, dismissal is unwarranted. Moreover, Schwierholz has already been served properly, and there is a high likelihood that proper service on H. Schepers will be perfected soon. With that in mind, the court exercises its discretion to quash the defective service on Schwierholz and H. Schepers. As to the outstanding certificate of service for H. Schepers, the court declines to set a deadline for its filing because it finds one unnecessary as filing appears to be relatively imminent. Instead, the Minerva

Zenia Interests should be mindful of the Fifth Circuit's guidance and act with good faith and reasonable dispatch.

## IV. Conclusion

MS Constantin S's motion for summary judgment (Dkt. 48) is DENIED. Schwierholz's and H. Scheper's motions to dismiss or, alternatively, quash service of process (Dkts. 49, 50) are GRANTED IN PART and DENIED IN PART. They are denied to the extent they ask the court to dismiss claims but granted to the extent they ask the court to quash service. Accordingly, the court QUASHES the service attempted by the Minerva Zenia Interests through the Texas Secretary of State.

MS Constantin S's motion for leave of court to substitute its exhibit (Dkt. 59) is GRANTED, and HFOTCO's motion to strike (Dkt. 56) is DENIED as moot.

Signed at Houston, Texas on July 7, 2021.

_____
Gray H. Miller
Senior United States District Judge